**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Lonnell Isaac Brown, | ) | Case No. 1:25-cr-231 |
| | ) | |
| Defendant. | ) | |

Following a detention hearing on September 9, 2026, finding that Defendant had not presented sufficient evidence to rebut the presumption of detention and that the 18 U.S.C. § 3142(g) factors otherwise weighed in favor of detention, the court ordered Defendant detained pending trial. (Doc. No. 59).

On November 12, 2026, Defendant filed a Motion for Release. (Doc. No. 76). Advising that he was accepted into the Prairie Recovery Center, he requests to be released on November 17, 2026, to the Prairie Recovery Center so that he can participate in its inpatient treatment program.

On November 13, 2026, the court issued an order denying the motion based upon information provided by the United States Marshals Service that Defendant still had an active out-of state warrant for his arrest that were designated as extradictable. (Doc. No. 77).

On November 13, 2026, Defendant filed a Motion to Reconsider Release. (Doc. No. 78). Asserting that the out-of-state warrant cited by the court in its previous order was no longer active and that the matter that had precipitated the warrant's issuance has been resolved, he renewed his request to be released to the Prairie Recovery Center.

The United States Marshals Service subsequently provided verification that Defendant's

extradictable warrant was no longer active. Armed with this information and finding there had been a material change in circumstances to warrant reconsideration of the issue of detention, the court issued an order advising that it would defer ruling on the Motion to Reconsider Release pending confirmation that the placement at the Prairie Recovery Center was still available for Defendant and that appropriate arrangements have been made for his transport.

On November 24, 2026, Defendant filed a Renewed Motion for Release (Doc. No. 80) in which he informed the court that the Prairie Recovery Center still has space for him and will arrange for his transport to its facility on December 7, 2026.

Persuaded that a placement at the Prairie Recover Center will sufficiently mitigate Defendant's danger to the community and risk of flight, the court **GRANTS** Defendant's Motion to Reconsider Release (Doc. No. 78). Defendant shall be released to be released to Prairie Recovery Center staff no earlier than 9:00 AM on December 7, 2026, for immediate transport to the Prairie Recovery Center's facility in Raleigh, North Dakota. Defendant's release shall be subject to the following conditions:

(1) Defendant shall not violate federal, state, tribal, or local law while on release.

(2) Defendant shall appear in court as required and surrender for any sentence imposed.

(3) Defendant shall refrain from the use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, any use of medical marijuana, and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be

considered the same as a positive test.

(4) Except upon prior approval from the Pretrial Services Officer, Defendant's travel is restricted to North Dakota.

(5) Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

(6) Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(7) Defendant shall report to and reside at The Prairie Recovery Center, fully participate in its programming, and comply with all of its rules and regulations.

(8) Defendant shall not knowingly or intentionally have any direct or indirect contact with witness(es), or co-defendant(s), except that counsel for Defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of Defendant's legal defense.

(9) Defendant must sign all release forms to allow the Pretrial Services Officer to obtain information from The Prairie Recovery Center and communicate with The Prairie Recovery Center about his progress there.

Any passes from the Prairie Recovery Center must be approved by the Pretrial Services Officer.

If for any reason Defendant is terminated from the Prairie Recover Center, he must immediately surrender to the custody of the United States Marshal.

At least 96 hours prior to anticipated completion of the treatment program, Defendant must advise the Pretrial Services Officer of his anticipated completion date so the court may schedule a hearing to review Defendant's release status.

If Defendant successfully completes the Prairie Recovery Center's programming, the Pretrial Services Officer may approve Defendant's transition to an appropriate sober living facility.

Defendant must sign all release forms to allow the Pretrial Services Officer to obtain information from the sober living home OR to communicate with the sober living home about the Defendant's progress there.

Any overnight passes from the sober living home must be approved by the Pretrial Services Officer.

While residing at the sober living home, Defendant must seek and maintain employment. Employment must be approved by the Pretrial Services Officer.

If for any reason Defendant is terminated from the sober living home, the Defendant must immediately surrender to the custody of the United States Marshal.

At least 96 hours prior to anticipated transition from a sober living home to another residence, Defendant must advise the Pretrial Services Officer of the anticipate transition date so that the Court can review the Defendant's release status.

(10) Defendant shall submit his person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of his release. Defendant shall notify any other residents that the premises may be subject to search pursuant to this condition.

(11) Defendant shall surrender any passport and other foreign travel document(s) to the United States Probation and Pretrial Services Office.

(12) Defendant shall not obtain a passport and other foreign travel document(s).

(13) Defendant must report as soon as possible, to the Pretrial Service Office or his supervising Pretrial Services Officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

If Defendant cannot be transported to the Prairie Recovery Center as anticipated on December 7, 2026, he shall remain in custody pending further order. Defendant's Renewed Motion for Release (Doc. No. 80) is deemed **MOOT**.

**IT IS SO ORDERED.**

Dated this 25th day of November, 2026.

/s/ *Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

.